IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| RICKY LYNN COLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:09-CV-186-C |
| ) | (Criminal No. 5:05-CR-027-01-C) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

By mandate issued September 6, 2013, the United States Court of Appeals for the Fifth Circuit vacated the judgment denying Movant's § 2255 Motion and remanded this case for an evidentiary hearing on the sole issue of whether Movant's trial counsel was ineffective for failing to call a witness Movant claims was intimidated by the Government into not testifying.[1] On September 12, 2013, the case was referred to the United States Magistrate Judge to appoint counsel for Movant and conduct an evidentiary hearing. Counsel was appointed and Movant has been represented by counsel before, during, and after the evidentiary hearing in this habeas proceeding.

The hearing was held on November 21, 2013, and based on the testimony and evidence provided at the hearing, the United States Magistrate Judge filed Proposed Findings of Fact and

---

[1] Whether a witness was intimidated into not testifying is a merits matter for direct appeal. However, Movant framed his habeas claim as one of ineffective assistance of counsel. Yet, Movant never precisely articulates what his trial counsel was to have done differently after the allegedly intimidated witness was appointed counsel by the Court, was warned by the Court of her Fifth Amendment right against self incrimination, and then chose not to testify.

Recommendation dated April 11, 2014. At the hearing, the Magistrate Judge considered evidence that included declarations from the allegedly intimidated witness, Movant's testimony, Federal Bureau of Investigation Special Agent Keith Quigley's testimony, Federal Bureau of Investigation Special Agent Stone's testimony, and Movant's trial counsel's testimony.

The deadline for filing objections to the Proposed Findings of Fact and Recommendation has passed.[2] Neither Movant nor his appointed counsel timely filed any document titled as objections. Rather, Movant has filed the following Motions: (1) Motion to Dismiss Court-Appointed Counsel, (2) Emergency Motion to Stay All Proceedings Pending Introduction of Evidence of Government Misconduct, (3) Motion for Transcripts to Be Provided to Movant at Government's Expense, (4) Motion to Stay Proceedings Pending the Availability of Transcripts for Deposition Examination, and (5) Motion for Extension of Time to File Objections Pursuant to Fed. R. Civ. P. 6(b)(1), (2).[3]

To the extent Movant intends his Motions to be objections, the Court finds that the objections should be overruled. In order to be a proper objection, Movant must identify a specific finding or conclusion in the Magistrate Judge's Proposed Findings and Recommendation. Movant has utterly failed to do so. Movant's late-filed Motions advance only

---

[2] The Proposed Findings of Fact and Recommendation requires that any party wishing to object must file written objections within fourteen days after being served and any objection "must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the Proposed Findings of Fact and Recommendation where the disputed determination is found."

[3] Movant acknowledges that he became aware of the Proposed Findings of Fact and Recommendation on April 18 and states that he was in the process of completing his objections on April 21 when a lockdown occurred. Movant was, however, able to prepare and file four of these motions before the deadline for filing objections passed and was able to prepare and file the fifth motion despite the lockdown.

conclusory statements and arguments without specifying what precise statements in the testimony are alleged to have been perjured or false.

Furthermore, Movant's pending Motions are found to be without merit, frivolous, and intended to delay this Court's ruling. Movant had the opportunity at the evidentiary hearing to attempt to support his allegations of witness intimidation and to attempt to impeach any Government witness. Movant was present for all portions of the evidentiary hearing and the Court finds that a transcript of the hearing is not required for Movant to be able to simply articulate a basis for his conclusory allegations—which he has failed to do. Finally, Movant is represented by counsel and he is not entitled to dual representation in this proceeding.[4] Thus, Movant's pending Motions are **DENIED** as frivolous, without merit, and as having been filed to delay a final resolution of his ineffective-assistance-of-counsel claim.

The Magistrate Judge considered the evidence and weighed the credibility of the witnesses in issuing her Proposed Findings of Fact and Recommendation. The Court hereby **ADOPTS** the Magistrate's well-reasoned findings and thorough analysis contained in the Proposed Findings of Fact and Recommendation.

Therefore, Movant's meritless claim for ineffective assistance of counsel is **DENIED** and the above-styled and -numbered cause is **DISMISSED** WITH PREJUDICE.

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth

---

[4] In his motion to dismiss Court-appointed counsel, Movant generally asserts that his counsel will not advance Movant's frivolous claims against Government counsel and witnesses. Movant would be well-served to heed his counsel's apt advice.

herein, Movant has failed to show that a reasonable jurist would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED this 30th day of April, 2014.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE